UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LUIS A. RODRIGUEZ,
individually and on behalf of all other persons     **MEMORANDUM AND ORDER**
similarly situated,                                 11-CV-6371 (FB) (RML)

                    Plaintiff,

    -against-

PRODUCT AND DATA CENTER LLC, PARIS
CHHRABRA, WINKY CHHRABRA, THE
DATA CENTER, LLC, ABC CORPORATIONS
#1-10, and JOHN DOES #1-10, Jointly and
Severally,

                    Defendants.
------------------------------------------------------------x

*Appearances:*

| For the Plaintiff: | For Defendants: |
|---|---|
| DOUGLAS B. LIPSKY | DOUGLAS E. ROWE |
| Bronson Lipsky LLP | Certilman Balin Adler & Hyman, LLP |
| 630 Third Avenue, Fifth Floor | 90 Merrick Avenue |
| New York, NY 10017 | East Meadow, NY 11554 |

**BLOCK, Senior District Judge:**

        For the reasons stated on the record, the Court finds that plaintiff has presented sufficient evidence to establish that he and potential opt-in plaintiffs are similarly situated. Plaintiff's motion for collective certification pursuant to 29 U.S.C. § 216(b) is therefore granted.[1] Upon consideration of the arguments raised by the parties regarding class certification and the notice to be provided, the Court hereby orders the following relief:

1.     Conditional certification of a class to include current and former store managers who

---

[1] The names of the individual defendants are incorrectly spelled in the caption. The Clerk is directed to amend the caption to reflect the correct spelling as "Paras Chhabra" and "Winky Chhabra."

are or were employed by defendants Product and Data Center LLC, Paras Chhabra, Winky Chhabra, and the Data Center LLC at any time since June 2010.

2. By June 14, 2013, defendants shall provide, in electronic form, a list of names, title, last known address, telephone number, email address, employment period, and location of employment for all store managers employed by defendants since June 2010.

3. Plaintiff may issue an initial notice ("Notice"), as well as a reminder notice ("Reminder") 21 days before the opt-in deadline.

4. The Notice and Reminder shall be mailed to all store managers employed by defendants since June 2010, and shall also be posted at any place of employment, owned or operated by defendants, where these store managers work.

5. The Notice and Reminder shall be revised to reflect the scope of the class as certified, *supra* ¶ 1.

6. The Notice and Reminder need not include a warning that class members may be required to pay costs.

7. The Notice and Reminder may retain the use of the phrase "members of the class."

8. The Notice and Reminder shall include defendants' two proposed statements denying their liability and opposing certification.

9. The Notice and Reminder shall include language indicating that the Court neither encourages nor discourages participation in the suit.

10. The Notice and Reminder shall indicate that potential plaintiffs have 60 days to return their opt-in forms, and the Reminder shall also mention the opt-in deadline.

11. The Notice and Reminder need only indicate that potential plaintiffs should return their opt-in forms to plaintiff's counsel.

12. If plaintiff subsequently expresses a need for partial social security numbers or birth dates in order to reach certain class members, plaintiff's counsel shall provide defendants' counsel with a copy of the notices of undeliverability for those class members and shall file a fully executed confidentiality agreement regarding the use of this information.

**SO ORDERED.**

/s/ Fredric Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 28, 2013

3